UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CMG WORLDWIDE, INC., an Indiana | ) | |
| Corporation, and | ) | |
| MARILYN MONROE, LLC, a Delaware | ) | |
| Limited Liability Company, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | 1:05-cv-00442-LJM-WTL |
| | ) | |
| TOM KELLEY STUDIOS, INC., a California | ) | |
| Corporation, | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO VACATE**

This cause is now before the Court on defendant's, Tom Kelley Studios, Inc. ("Kelley"), Motion to Vacate Order of May 5, 2005, Granting Plaintiff's Motion to Clarify.  Kelley contends that the Court violated its due process rights when the Court decided plaintiff's, CMG Worldwide and Marilyn Monroe, LLC (collectively, "CMG"), underlying motion without allowing Kelley opportunity to respond.  Kelley contends that the Court never considered its arguments that service was ineffective because CMG did not comply with the requirements of Federal Rule of Civil Procedure 4(h) ("Rule 4(h)"), and Indiana Trial Rule 4.1 ("Ind. T.R. 4.1"), because plaintiff, not the Clerk of the Court served the summons and complaint upon Kelley.

The Court finds Kelley's arguments without merit.  First, CMG had apprised the Court of Kelley's arguments regarding service of process prior to the Court's ruling on CMG's motion. Second, CMG's service upon Kelley was effective under the applicable law because it was reasonably calculated to effect proper service upon Kelley under Rule 4, and it actually accomplished such service because it notified Kelley of the pendency of this suit and the allegations brought

against it by CMG. *See Claus v. Mize*, 317 F.3d 725, 728 (7th Cir. 2003). Finally, given that the case was filed in Federal rather than State court, and raises as its primary issue a federal question, the Court finds that process was clearly effective under Rule 4(h) because it was delivered to a person who may receive such process. *See* Fed. Rs. Civ. P. 4(h) & (e).

The Court finds that Kelley's constitutional rights were not violated in any way by the issuance of the May 5, 2005, order, nor was the Court's ruling erroneous on the merits.

## CONCLUSION

For the foregoing reason, Defendant's Motion to Vacate Order of May 5, 2005, on Plaintiff's Motion to Clarify is DENIED.

IT IS SO ORDERED this 5th day of August, 2005.

LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution attached.

2

Electronically distributed to:

Daniel P. Byron
BINGHAM MCHALE
dbyron@binghammchale.com

James Braden Chapman II
DANN PECAR NEWMAN & KLEIMAN
jchapman@dannpecar.com

Eric M. Hylton
DANN PECAR NEWMAN & KLEIMAN
ehylton@dannpecar.com

Leo E. Lundberg Jr.
THE SONI LAW FIRM
leo@sonilaw.com

J. Lee McNeely
MCNEELY STEPHENSON THOPY & HARROLD
jlmcneely@msth.com

Jonathan G. Polak
DANN PECAR NEWMAN & KLEIMAN
jpolak@dannpecar.com

M. Danton Richardson
THE SONI LAW FIRM
danton@sonilaw.com

Rafael A. Sanchez
BINGHAM MCHALE
rsanchez@binghammchale.com

Surjit P. Soni
THE SONI LAW FIRM
surj@sonilaw.com

Amy L. Wright
DANN PECAR NEWMAN & KLEIMAN
awright@dannpecar.com